UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABRAHAM G. PINZON, | ) | 1:08-cv-01193-LJO-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| | ) | TO PROCEED IN FORMA PAUPERIS |
| | ) | (Doc. 3) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| RON JENSEN, et al., | ) | DISMISS PLAINTIFF'S COMPLAINT |
| | ) | WITHOUT LEAVE TO AMEND (DOC. 2) |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff is proceeding pro se with a civil action for damages and other relief. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Motion to Proceed in Forma Pauperis

By application filed on August 14, 2008, Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

///
/////

1

II. <u>Screening the Complaint</u>

    A. <u>Legal Standard</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent.</u>

1  Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v.
2  ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).
3  　　　In reviewing a complaint under this standard, the Court must
4  accept as true the allegations of the complaint in question,
5  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
6  (1976), construe the pro se pleadings liberally in the light most
7  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
8  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
10 　　　If the Court determines that the complaint fails to state a
11 claim, leave to amend should be granted to the extent that the
12 deficiencies of the complaint can be cured by amendment. Lopez v.
13 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
14 complaint, or a portion thereof, should only be dismissed for
15 failure to state a claim upon which relief may be granted if it
16 appears beyond doubt that the Plaintiff can prove no set of
17 facts, consistent with the allegations, in support of the claim
18 or claims that would entitle him to relief. See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
20 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
21 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
22 Dismissal of a pro se complaint for failure to state a claim is
23 proper only where it is obvious that the Plaintiff cannot prevail
24 on the facts that he has alleged and that an opportunity to amend
25 would be futile. Lopez v. Smith, 203 F.3d at 1128.
26 　　　A claim is frivolous if it lacks an arguable basis either in
27 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
28 frivolous claim is based on an inarguable legal conclusion or a

fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Complaint

Plaintiff seeks damages, consisting of wages, back and front pay, interest, and other compensatory and punitive damages amounting to $1,579,000.00, from Defendants Ron Jensen and Jensen Construction, the Superior Court of Tuolumne County, Dan Vaughn, and Pinecrest Market (Cmplt. pp. 6, 1.) A review of the entire complaint shows that Plaintiff alleges that in state small claims court, Plaintiff sued his former employers, Ron Jensen and Dan Vaughn, in connection with custom tile work Plaintiff performed

4

in July through October 2006 on a residence owned by Defendant Vaughn in Tuolumne County. Plaintiff alleged that in August 2006, when Plaintiff asked for wages, Vaughn refused to pay and stated he would use his gun on Plaintiff; in October 2006, then the work was ninety-nine per cent complete, Vaughn fired Plaintiff, and then Jensen, Vaughn's contractor, bullied Plaintiff off the job site and treated him as if he were a trespasser.

Plaintiff sues the Tuolumne County Superior Court in connection with the court's ruling, which was rendered by Stephen Durkem, judge pro tempore, in the small claims action (SC No. 15790). Plaintiff claims that the ruling interfered with Plaintiff's right to make contracts and failed to enforce Plaintiff's rights stemming from a breach of the employment contract; further, it was the product of evil and biased intentions, and it reflected a reckless disregard of Plaintiff's employment rights. Plaintiff also claims that it was the product of a conspiracy to provide a hostile work environment and disparate wages and treatment, to punish Plaintiff for being Black or for being other than white, and the result of filing false documents.[1] (Cmplt. pp. 4-5.) Plaintiff alleges that Defendant Vaughn admitted that he owed Plaintiff $500.00. (Cmplt. p. 4.) Plaintiff further alleges that the state small claims action was a lynching in which the decision had no basis in fact and intended slavery. (Cmplt. pp. 2-3.)

### C. Subject Matter Jurisdiction

Plaintiff seeks to have this Court review the decision of a

---

[1] Plaintiff states that he is a Puerto Rican man who is a native Californian. (Cmplt. p. 2.)

state court with respect to a dispute concerning a contract and employment practices. However, a federal court lacks subject matter jurisdiction to review final determinations of state courts, as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998) (holding the "Rooker-Feldman" doctrine is jurisdictional). A federal district court is a court of original jurisdiction, and as such has no authority to review the final determinations of a state court in judicial proceedings. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986); Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

Thus, it does not appear that Plaintiff has set forth a short and plain statement of any grounds that would support a finding of jurisdiction in this Court. Thus, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8.

Further, given the nature of the subject matter that is the basis of the complaint, it does not appear that Plaintiff could allege facts that would state grounds for subject matter

jurisdiction in this Court.

III. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that Plaintiff's complaint BE DISMISSED without leave to amend, and the action BE TERMINATED.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 27, 2008**             /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE